UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DALE A JOSWICK,

        Plaintiff,

                                          Case No. 19-cv-1359-bhl

    v.

MINNESOTA REPOSSESSORS INC,

        Defendant.

## ORDER DENYING MOTION FOR NEW TRIAL

In this lawsuit, Plaintiff Dale Joswick sought to recover against a repossession company, Minnesota Repossessors Inc. (MN Repo), for its role in unlawfully repossessing his Chevrolet Cruze over a weekend in June 2019. ECF Nos. 1, 9. Joswick twice attempted to assert claims against his lender in this lawsuit too, but each time sued the wrong entity. *See* ECF Nos. 6, 16. He ultimately elected to pursue the lender in a separate lawsuit in state court, *see* Milwaukee County Circuit Court Case No. 20-cv-3281, and the lender is not a party to this case.

Although Joswick was without his car for only a weekend, inherently limiting his damages, the parties could not reach agreement on a settlement and, on June 6, 2022, the Court held a one-day jury trial. *See* ECF No. 96. At the start of trial, the Court ruled that Wis. Stat. §425.206 provided Joswick a remedy only against his lender and not MN Repo. *See id.* As a result of this ruling, Joswick had three claims remaining against MN Repo: (1) violation of the Fair Debt Collection Practices Act; (2) common law conversion; and (3) violation of the Wisconsin Consumer Act. *See* ECF No. 9 at 5–7. At the close of the evidence, the Court granted Joswick's motion for a directed verdict on the first two claims, concluding the evidence confirmed a violation of the Fair Debt Collection Practices Act and conversion. *See* ECF No. 96. This left the jury to determine Joswick's damages on those claims and to determine both liability and damages on his Wisconsin Consumer Act claim. After deliberating for just over an hour, the jury returned a unanimous verdict finding that MN Repo had not violated the Wisconsin Consumer Act. ECF No. 95. The jury also determined that Joswick was not entitled to any damages, even on the two claims

for which the Court had directed a verdict in his favor on liability. *Id.* The Court entered judgment for Joswick and closed the case. ECF No. 97.

Joswick now moves for a new trial, insisting the Court improperly instructed the jury on his Wisconsin Consumer Act claim. ECF Nos. 100, 101. MN Repo opposes the motion, arguing that the jury instructions were complete and, in any event, Joswick agreed to them. ECF No. 102. Joswick's motion fails because the jury instructions accurately stated the law and, even if they did not, Joswick waived any right to complain by agreeing to them at the jury instruction conference.

Both parties submitted proposed jury instructions and, prior to the jury instruction conference, the Court prepared and circulated a final proposed set based largely on the parties' submissions. With respect to the Wisconsin Consumer Act claim, the Court sifted through the parties' competing proposals and proposed an instruction using statutory language from Wis. Stat. §427.104. The instruction provided:

### WISCONSIN CONSUMER ACT – Wis. Stat. §427.104

Plaintiff contends that the Defendant violated Section 427.104 of the Wisconsin Consumer Act. The Act provides that in attempting to collect an alleged debt arising from a consumer credit transaction, a debt collector may not claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

ECF No. 93 at 8. Joswick did not object to this instruction. Indeed, in pretrial filings, Joswick stated he did not object to identical language. ECF No. 88 at 18.

Under Fed. R. Civ. P. 59, a district court "may, on motion, grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." The Seventh Circuit has explained that a new trial is appropriate when "erroneous or incomplete" instructions "confuse[d] or misl[ed] the jury and prejudice[d] the objecting litigant." *Javier v. City of Milwaukee*, 670 F.3d 823, 828 (7th Cir. 2012) (citing *Schmitz v. Canadian Pac. Ry. Co.*, 454 F.3d 678, 682 (7th Cir. 2006)). Joswick has not shown that the instruction provided was incorrect. Indeed, the language parroted the rather straightforward language in the statute. There was nothing erroneous, incomplete, confusing, or misleading about the language used.[1]

---

[1] Contrary to Joswick's grumbling, there is also nothing "bewildering" about the jury's verdict. *See* ECF No. 101 at 2. The repossession agent confirmed he was instructed to repossess Joswick's car and was unaware that Joswick had in fact paid off his car loan months before the repossession. Joswick's complaint would seem better directed against his lender, who improperly requested the repossession.

Moreover, even if the instruction was flawed, Joswick's failure to object to the instruction before it was presented to the jury defeats his new-trial motion. Under Fed. R. Civ. P. 51, "[a] party who objects to an instruction or the failure to give an instruction must do so on the record, stating distinctly the matter objected to and the grounds for the objection." *See also Davis v. Wessel*, 792 F.3d 793, 802 (7th Cir. 2015) (quoting *Schobert v. Ill. Dep't of Transp.*, 304 F.3d 725, 729–30 (7th Cir. 2002)) ("The objection must be specific enough that the nature of the error is brought into focus."). A party must object before the Court delivers the instructions, unless it is not informed of the instructions at that time. *See* Fed. R. Civ. P. 51(b),(c); *Davis*, 792 F.3d 793, 802 (quoting *Schobert*, 304 F.3d at 729–30) ("There are no formal requirements, but pragmatically speaking the district court must be made aware of the error prior to instructing the jury, so that the judge can fix the problem before the case goes to the jury."). In sum, when a party does not timely object to a specific problem with jury instructions, it waives that argument on a motion for a new trial. *See, e.g.*, *Green v. Junious*, 937 F.3d 1009, 1015 (7th Cir. 2019); *Christiansen v. Inman*, 98 F. App'x 521, 525 (7th Cir. 2004). Joswick did not object to the jury instruction he now challenges. Having failed to do so, he cannot seek a new trial based on the unmade objection now.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's motion for a new trial, ECF No. 100, is **DENIED**.

Dated at Milwaukee, Wisconsin on August 9, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge